PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GERMÁN MUÑIZ NÚÑEZ, Defendant and Appellant.

No. 5132. Argued July 10, 1933.—Decided July 26, 1933.

*V. Polanco de Jesús* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

German Muñiz Núñez was convicted of the offense of carrying a weapon in the District Court of Arecibo and he appealed from the judgment, setting up as an only objection that "the information does not charge an offense, because it refers to the carrying of a *machete,* which in itself is not a prohibited weapon, and it is not charged that the same was not carried for farming purposes, use, or sport."

The information filed in the district court against the appellant, reads in its pertinent part as follows:

"The said German Muñiz Núñez, on or about the 10th or 11th day of September, 1931, at Ciales, which forms a part of the judicial district of Arecibo, P. R., illegally and wilfully carried a *machete,* an instrument with which bodily injury may be caused."

This information is identical with the one brought in the case of *People* v. *Rivera,* 35 P.R.R. 499, which this court held to contain the essential requisites to charge the accused with the offense of carrying a prohibited weapon. From the opinion rendered by this court in said case, we copy the following:

"The Act of 1905, amended in 1908 (Comp. 5994), and again in 1914, in specifying the arms prohibited mentioned among them the *machete,* and according to the jurisprudence established in the case of *People* v. *Cruz,* 34 P.R.R. 305, the *machete* must continue to be considered a prohibited arm.

"There is no doubt that the *machete* is primarily a farming implement and that no crime is committed when it is carried by a per-

son for farming purposes, but the history of many crimes in Porto Rico and of the war of independence of Cuba shows that it is also a terrible arm for offense and defense. The Legislature justly cleared the situation by providing the exception contained in section 5 of Act No. 14 of 1924, but that does not require that the exception be excluded by an express averment in the information. The exception is a matter of defense and should be pleaded as such.''

The same principle was applied in the case of *People* v. *González*, 36 P.R.R. 47, which confirmed the doctrine of the case of *People* v. *Rivera, supra.*

The *machete*, although used as a farming implement, has been considered as a prohibited weapon by the jurisprudence of this court, construing the law in force. It is incumbent on the accused to establish the exception as a defense, and the same need not be negatived in the information.

The judgment appealed from must be affirmed.

Mr. Justice Wolf dissented.